## WILSON v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 1, September Term, 1961 (Adv.).]

*Decided May 18, 1961.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney and Marbury, JJ.

Per Curiam.

The reasons stated by Judge Tucker in his opinion dismissing the applicant's petition for relief under the Uniform Post Conviction Procedure Act were correct.

In his application for leave to appeal to this Court the applicant makes two contentions which were not presented in his original petition: that is (1) that he was entitled to a transcript of the testimony taken at his trial in conjunction with his application under the U. P. C. P. A., and (2) that he was entitled to be present at the hearing on his application.

The first of the applicant's new contentions is not properly before us. If it were, it would be without merit. There is nothing to show that a transcript of the original trial would have been of any use to the applicant in supporting his present application. It is hardly possible that it would disclose the suppression of evidence, which the applicant alleges as his first ground for relief. None of the other grounds, even if true, affords any basis for Post Conviction relief. Hence, any support which the transcript might lend to these allegations would be of no avail in these proceedings.

As to the second new contention, the applicant's presence at the Post Conviction hearing was discretionary with the trial court, Code (1960 Cum. Supp.), Art. 27, § 645G; *Shifflett v. Warden,* 220 Md. 667; *Plump v. Warden,* 220 Md. 662.

For the above reasons the application for leave to appeal is denied.

*Application denied.*